IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-00229-FL

**Panduit Corp.**,

    Plaintiff,

v.

**Corning Incorporated**,

    Defendant.

**Order**

Plaintiff Panduit Corp. brought a Motion to Compel Defendant Corning Incorporated to respond to certain written discovery. *See* Motion to Compel. D.E. 101. Along with opposing the motion, Corning requests that the court seal certain portions of Panduit's Memorandum of Law in Support of its Motion to Compel. Mot. to Seal, D.E. 104.

## I. Discussion

Corning requests that the court seal certain portions of Panduit's Memorandum of Law in Support of its Motion to Compel (D.E. 102) and Exhibits B, E, and G–R (D.E. 102–3; D.E. 102–6; D.E. 102–8–19). Mot. to Seal, D.E. 104; Mem. Supp. Mot. to Seal, D.E. 105.

Panduit provisionally filed under seal documents related to its Motion to Compel. D.E. 103. Corning believes these documents include its highly sensitive trade secret information about the technical design and operation of its products and manufacturing processes. The Motion to Seal has been present on the public docket since February 2021 and no member of the public or another party has opposed the motion. The court will grant the motion.

Before granting a party's motion to seal, the court "must comply with certain substantive and procedural requirements." *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Procedurally, the district court must (1) give the public notice and a reasonable chance to challenge the request to seal; (2) "consider less drastic alternatives to sealing"; and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. *Id.*

And "[a]s to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* (internal citation omitted). A court may seal documents "if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The factors the court considers in making this determination include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id.* The court must find that the circumstances of a motion overcome both the First Amendment and common law presumption of access.

Corning has submitted a redacted version of the Motion to Compel removing what it says are portions of the highly sensitive business information that it keeps internally as trade secrets. Corning also included a declaration of one of its scientists, Scott Bickham, in support of sealing the documents. Bickham notes that public disclosure of the techniques used in drawing glass into optical fibers and other materials in Panduit's Motion to Compel would cause competitive harm to Corning by allowing competitors to copy aspects of the company's process for making fiber.

The court agrees that Corning's interests in maintaining the confidentiality of the information in these documents outweighs the public interest in access. *See Morris* v. *Cumberland Cty. Hosp. Sys., Inc.*, No. 5:12-CV-629-F, 2013 WL 6116861, at *3 (E.D.N.C. Nov. 13, 2013) ("In the past, this court and others have concluded that the need to keep confidential proprietary business information or trade secrets may constitute a 'higher value' that can overcome both the common law and the First Amendment rights of access in appropriate circumstances."). The information on Corning's processes existed for the purpose of internal company operations and methods related to Corning's optical fibers. Much of the information may also constitute trade secrets. This supports sealing the redacted version of Panduit's Memorandum of Support and the exhibits.

After considering the motion to seal and the related filings, the court finds that it should grant the motion to seal because each of the factors set out in *In re Knight Publ'g Co.* are satisfied. Corning has shown that the documents subject to the motion to seal contain or refer to nonpublic information, considered confidential under the Protective Order (D.E. 60) and for which the public has no proper purpose to seek them. Based on this showing, the court finds that the circumstances presented by this motion overcome both the First Amendment and common law presumption of access.

Additionally, although the public has had notice of the request to seal and a reasonable opportunity to oppose the motion, no objections have been filed.

Finally, the court has considered less dramatic alternatives to sealing and finds that they would be inadequate to preserve the confidentiality of the trade secret and other sensitive information in the documents.

## II.     Conclusion

The court grants Corning's Motion to Seal (D.E. 104) and directs the Clerk of Court to seal the following documents associated with Panduit's Memorandum of Law in Support of its Motion to Compel:

- Memorandum in Support, D.E. 102;
- Exhibit B, D.E. 102–3;
- Exhibit E, D.E. 102–6;
- Exhibit G, D.E. 102–8;
- Exhibit H, D.E. 102–9;
- Exhibit I, D.E. 102–10;
- Exhibit J, D.E. 102–11;
- Exhibit K, D.E. 102–12;
- Exhibit L, D.E. 102–13;
- Exhibit M, D.E. 102–14;
- Exhibit N, D.E. 102–15;
- Exhibit O, D.E. 102–16;
- Exhibit P, D.E. 102–17;
- Exhibit Q, D.E. 102–18; and
- Exhibit R, D.E. 102–19.

Dated: July 1, 2021

_____
Robert T. Numbers, II
United States Magistrate Judge