IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-229-FL

| | |
|---|---|
| PANDUIT CORP., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) MEMORANDUM OPINION |
| CORNING INCORPORATED, | ) ) ) |
| Defendant. | ) |

This matter came before the court for claim construction hearing July 1, 2021, pursuant to Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996). The court memorializes herein reason for denying plaintiff's request that defendant be judicially estopped from arguing for a construction of each claim, where "[j]udicial estoppel[ is] an equitable doctrine that prevents a party who has successfully taken a position in one proceeding from taking the opposite position in a subsequent proceeding . . . ." King v. Herbert J. Thomas Mem'l Hosp., 159 F.3d 192, 196 (4th Cir. 1998).[1]

Courts look to three non-exhaustive elements to guide their discretion in applying this doctrine:

> (1) The party to be estopped must be asserting a position that is factually incompatible with a position taken in a prior judicial or administrative proceeding; (2) the prior inconsistent position must have been accepted by the tribunal; and (3) the party to be estopped must have taken inconsistent positions intentionally for the purpose of gaining unfair advantage.

---

[1] "Whether judicial estoppel applies is a matter of regional circuit law." Minn. Minining & Mfg. Co. v. Chemque, Inc., 303 F.3d 1294, 1302 (Fed. Cir. 2002).

King, 159 F.3d at 196; see also Gilliam v. Sealey, 932 F.3d 216, 233 (4th Cir. 2019) ("[T]he party sought to be estopped must have intentionally misled the court to gain unfair advantage." (quotations omitted)). The United States Court of Appeals for the Fourth Circuit has "characterized the final element as determinative." Minnieland Priv. Day Sch., Inc. v. Applied Underwriters Captive Risk Assurance Co., 867 F.3d 449, 458 (4th Cir. 2017). "[J]udicial estoppel is invoked in the discretion of the district court and with the recognition that each application must be decided upon its own specific facts and circumstances." See King, 159 F.3d at 196; Lowery v. Stovall, 92 F.3d 219, 224 (4th Cir. 1996) ("Because of the harsh results attendant with precluding a party from asserting a position that would normally be available to the party, judicial estoppel must be applied with caution.").

Most pointedly, plaintiff failed to show that defendant engaged in malfeasance, purposefully inequitable conduct, or otherwise intentionally misled this court or the Patent Trial and Appeal Board before which it petitioned for inter partes review of plaintiff's patents in suit. The court, in its discretion, has concluded that this is not a case for such harsh result, and defendant will not be estopped from arguing for constructions for each of the disputed claims. The court shall address in order following the merits of each parties' proposed constructions of the claims.

DATE: July 2, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge