# Exhibit A

# Corning's Motion to Find the Case Exceptional and Award Fees

Case No. 5:18-CV-229-FL

March 10, 2022

# Panduit Persisted For Years With No Infringement Theory

A case is exceptional when it "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014)

"The court in exceptional cases may award reasonable attorney fees to the prevailing party."

35 U.S.C. § 285

# Panduit's Actions—All Denied—Confirm It Had No Articulable Infringement Theory

► Add 4 new patents

► Rewrite the claims through the Markman process

► Request adverse inference based on discovery disputes

► Submit secret expert declaration after case closed

# Panduit's Patent Claims Require Three Straightforward Steps

1. **A method for selecting multimode optical fiber for use in a communications network**, said method comprising:

**measuring** a pulse delay for pulses traveling through different radii of a number of multimode optical fibers;

**subtracting** the pulse delay at a first radius of each multimode optical fiber from the pulse delay at a second, larger radius of each multimode fiber; and

**choosing for use in the communications network** those optical fibers in which the result of subtracting the pulse delay at the first radius from the pulse delay at the second radius is a negative number.

▶ **Three-step method:**

1. **Measure fiber in two places**

2. **Subtract those two measurements**

3. **If the result is negative, choose that fiber for use in the network**

U.S. Patent No. 8,488,115 (D.E. 1-2) at claim 1.

# Panduit Failed to Identify a Viable Theory in the Complaint

► **Feb. 7, 2018** – Panduit's original Complaint only parroted claim language:

> 6:5-9. ==On information and belief,== in connection with the acts described in paragraphs 18-25, Defendant's ==OM 4+ fiber== was ==selected using methods that infringe,== either literally or under the doctrine of equivalents, one or more claims of the '027 patent.

► **April 20, 2018** – Corning provided Panduit an SOP: *an industry standard, prior art method, "minEMBc"* for selecting its OM4+ fiber that cannot infringe:

**Complaint** (D.E. 1) at ¶ 26; **4/20/2018 Ltr. from E. Hayes** (D.E. 168-4).

5

# Corning Showed Panduit's "Systematic" Theory Was Wrong

▶ **May 2, 2018** – Panduit: Corning must infringe because fibers were *systematically* negatively shifted

▶ **May 3, 2018** – Corning provided positively shifted data, showing that theory was wrong

**05/02/18 Email from D. Sringfield** (D.E. 75-1); **05/03/18 Email from E. Hayes** (D.E. 75-1).

# Panduit Persisted Despite Knowing Its Theory Was Wrong

▶ **January 14, 2019** – Court dismissed Panduit's original Complaint because of Panduit's "***bare assertions***." (D.E. 36 at 6.)

▶ **February 4, 2019** – Panduit filed a first Amended Complaint, telling this Court that Corning must infringe because its fibers ***"systematically exhibited"*** a negative shift.  (D.E. 43 ¶ ¶ 56-67.)

  – Despite the fact Panduit already knew Corning's fibers ***were not systematically*** negative

# Panduit Persisted Despite Knowing Its Theory Was Wrong

► **March 17, 2020** – Panduit finally tested ***more than just one*** of Corning's cables and results showed the fiber in two of three cables ***not all negatively shifted***.  (D.E. 82-6.)

► **July 6, 2020** – Panduit ***admitted*** Corning's minEMBc process of choosing OM4+ fiber ***alone*** does not infringe.  (D.E. 82-7.)

# Panduit Changed Its Apparent Theory of the Case

▶ **Sept. 18, 2020** – With no theory on two asserted patents, Panduit sought to file a second Amended Complaint adding four new patents unrelated to fiber selection

  ─ Motion for Leave was denied in May 2021 (D.E. 109.)

▶ **June - Sept. 2020** – Panduit expanded its view of the claims contending in claim construction that

  ─ Steps do not need to be performed in order, and

  ─ Choosing = selecting optical fiber, sorting optical fiber, or verifying optical fiber performance

# Panduit Changed Its Apparent Theory of the Case

▶ **August 31, 2021** – Panduit served amended infringement contentions referencing "Q Compensation" without identifying:

– Where the limitations of claim element 1(b) appear in any Corning process

– Where the limitations of claim element 1(c) appear in any Corning process

(D.E. 140 at 5-9)

# Panduit's Amended Contentions Failed to Show A Theory

## *Exemplary Disclosures in Infringement Charts – Claim Element 1(b)*

- ***Repetition of claim language***

Corning's method includes subtracting the pulse delay at a first radius of each multimode optical fiber from the pulse delay at a second, larger radius of each multimode fiber, either literally or under the doctrine of equivalents.

\* \* \*

Corning's evaluations of time-domain DMD data and plots thereof, which are subject to further discovery in this case, include subtracting the pulse delay at a first radius of each multimode optical fiber from the pulse delay at a second, larger radius of each multimode fiber, or equivalents thereof.

Panduit's Amended Infringement Contentions (D.E. 140-1 at 2-3)

# Panduit's Amended Contentions Failed to Show A Theory

## *Exemplary Disclosures in Infringement Charts – Claim Element 1(b)*

- **No attempt to match Corning's activity to the subtracting element 1(b)**

This is confirmed by, for example, the Rule 30(b)(6) testimony of Corning, which testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Corning June 24, 2020 Dep. Tr. at 58:19-59:15; 60:13-61:10; 83:9-84:15; 90:11-92:13.

Examples of Corning's evaluations of time-domain DMD data and plots thereof, which are subject to further discovery in this case, are disclosed in a presentation titled ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ CORNING_EDNC00001225. Such examples are disclosed on slides 9 and 10 of that presentation.

Corning's evaluations, including its evaluations of time-domain DMD data and plots thereof, are performed manually and as a test algorithm in production, as confirmed by Corning's public statements about its processes: "Corning technicians use precise computer controls to monitor fiber parameters hundreds of times per second. The automated system allows for real-time adjustments to ensure the fiber is kept within specification."
https://www.youtube.com/watch?v=7tsF3mSpqX8

**Panduit's Amended Infringement Contentions** (D.E. 140-1 at 2-3)

# Panduit Was Required to Put Corning On Notice

"A party claiming patent infringement ==must [identify] each accused apparatus, product, device, process, method, act, or other instrumentality ('Accused Instrumentality')==[,] a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality [and must] "==be as specific as possible.=="

The purpose of these rules is "to facilitate the speedy, fair and efficient resolution of patent disputes."

*Local Patent Rules 301 & 303*

"The ==purpose of these disclosures== is to require parties to crystallize their theories of the case early in the litigation, so as to ==further the goal of full, timely discovery and provide all parties with adequate notice== of and information with which to litigate their cases."

*Fortinet, Inc. v. Forescout Techs., Inc.*, 2021 WL 1749902, at *3 (N.D. Cal. May 4, 2021

# Panduit's Allegations: A Moving Target Devoid of Notice

| Date | Source | Panduit's Apparent Theory |
|---|---|---|
| Feb. 2018 | **Original Complaint** | Unspecified Corning OM4+ process infringes. D.E. 1. |
| Feb. 2019 | **First Amended Complaint** | Unspecified Corning activity infringes because its OM4+ fiber "systematically exhibited a negative DMD Shift." D.E. 43 ¶¶ 56–67. |
| Jun. 2020 | **Joint Claim Construction Statement** | Corning's unspecified activity infringes by performing the method steps out of order or by "verifying optical fiber performance, including for the purpose of designing or selecting optical fiber cables." D.E. 61-1. |
| Jul. 2020 | **Panduit's Response to Corning Requests for Admission** | Panduit admits Corning's use of minEMBc alone does not infringe. D.E. 141-5 at 3. |
| Sept. 2020 | **Proposed Second Amended Complaint** | Unidentified Corning activity infringes. D.E. 71-1 ¶¶ 37–38. Corning infringes four new patents. Id. ¶¶ 39–42. |

# Panduit's Allegations: A Moving Target Devoid of Notice

| Date | Source | Panduit's Apparent Theory |
|------|--------|---------------------------|
| Nov. 2020 | Panduit Letter to Corning | Corning's "'Q Compensation' presentation confirms Corning's use of the slope (i.e. p-shift) of DMD plots during the designing, manufacturing, selecting, sorting and verifying its MMF…." D.E. 102-13 (sealed) at 1, n.1. |
| Feb. 2021 | Hearing on Panduit's Motion to Compel | "Corning's DMD shift fiber and DMD shift processes" and any equivalents allegedly infringe. Ex. 2 to D.E. 137 at 38:10–15; see also id. at 25:15–21, 26:24–27:2, 38:21–24, 40:5–8, 42:23–43:4, 44:2–5 (all same). |
| Aug. 2021 | Panduit's Amended Contentions | Unspecified aspect of "Corning's multimode fiber" manufacturing processes infringe. D.E. 140 at 5-9. |
| Oct. 2021 | Panduit Letter to Corning; Hearing on Panduit's Discovery Motion | Corning's "Slow Feedback" process, which has not been used since at least 2017 (see Ex. 12 (09/28/2021 Bickham Dep. Tr. at 132:9–136:8), may infringe. D.E., Ex. 10 at 2, 3, 5, 8. |

# Panduit's Last Minute Expert Declaration

▶ ***After the case was over***, Panduit asked to submit a secret expert declaration allegedly showing a viable infringement theory:

> In its Reply [Doc. 186], Corning contends that Panduit prosecuted this action in bad faith at various points. In fact, Panduit has consulted with well-qualified testifying and non-testifying experts at all relevant times concerning the highly technical subject matter of this action and proceeded accordingly – always in good faith and with a proper basis. To respond to Corning's contentions, ==Panduit requests the opportunity to submit, without argument, a declaration of its technical expert *in camera*.== Panduit proposes to submit such expert declaration for *in camera*

**Panduit's Motion for Leave to File Expert Declaration in Camera in Sur-Reply** (D.E. 192 at 1)

# Panduit's Inability To Identify A Theory Justifies Exceptionality

The Federal Circuit vacated the district court's denial of fees where "[Plaintiff's litigation positions, expert positions, and infringement contentions were a constantly moving target, 'a frustrating game of Whac-A-Mole throughout the litigation…Defending against a constantly moving target would logically have increased the expense of litigation for [defendant]."

*Oplus Techs., Ltd. v. Vizio, Inc.,* 782 F.3d 1371, 1374 (Fed. Cir. 2015)

The Federal Circuit affirmed an award of attorney fees where, despite "more than a year of opportunities to take discovery and run tests," the patent owner "had presented no evidence whatsoever and had not even suggested what type of evidence it might present" to support its infringement theory.

*Homeland Housewares, LLC v. Sorensen Res. and Develop. Trust,* 581 F. App'x. 877 (Fed. Cir. 2014)

# Unreasonably Persisting Knowing There Is No Infringement Amounts to Exceptionality

> "Exceptional cases include those where a patentee continued a lawsuit even though it knew that the accused device did not infringe its patent."

*Automated Bus. Cos., Inc. v. NEC Am. Inc.,* No. 4:98-cv-619, Dkt. 26 at 10-11 (N.D. Tex. Feb. 8, 1999)

# Panduit Tried to Rewrite the Claims

 Panduit's arguments were:

- "in tension with the plain language of the claim," (D.E. 144 at 7)

- contrary to "logic and grammar," (*id.* at 4)

- an attempt to "expand the scope of the patent beyond what the claim of the patent defining the invention gives it the right to exclude," and (*id.* at 14, 17-18)

- "based on a guess or…a hope or a prayer." (D.E. 125 at 15-16.)

**September 27, 2021 Claim Construction Order** (D.E. 144); **July 2, 2021 Claim Construction Hearing Transcript** (D.E. 125)

# "Logic Demands" the Steps "Must Be Performed In … Order"

▶ The general rule does not apply "***when the claim language implicitly requires a specific order.***" *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1345 (Fed. Cir. 2008).

> Here, the court concludes that the first-listed step must be performed before the second-listed step… ***as logic demands*** that one must have measured or otherwise determined the value of, a variable before it is subtracted from another distinct variable…Next, the 'choosing for use' step must be performed after the two previous steps ***as a matter of logic***.

**September 27, 2021 Claim Construction Order** (D.E. 144)

# Panduit Attempted to "Expand the Scope" of Its Invention

► Panduit claimed the activity of "**choosing**," not the distinct and contrary activities of **sorting or verifying** that are separately described in the specification.

> [P]laintiff's proposed construction would expand the scope of the patent beyond what the claim of the patent defining the invention gives it the right to exclude….*choosing's plain and ordinary meaning to a person having ordinary skill in the art would not clearly include sorting*.

**September 27, 2021 Claim Construction Order** (D.E. 144 at 18)

# Objectively Baseless Claim Construction Arguments Justify Exceptionality

"Although reasonable minds can differ on claim construction positions, ==[plaintiff's] proposed constructions…fall below the threshold required to avoid a finding of **objective baselessness**==" and warrant a finding of an exceptional case."

*Taurus IP, LLC v. DiamlerChrysler Corp.,* 726 F.3d 1306, 1327 (Fed. Cir. 2013)

"Courts have found cases exceptional where ==patent owners' arguments are inconsistent with the text of their own patent==" and awarding fees where patent owner asserted infringement based on an interpretation of a claim "wholly at odds with the text of the" asserted patent.

*Icon Health & Fitness, Inc. v. Octane Fitness, LLC,* 112 F. Supp. 3d 888, 893 (D. Minn. 2015)

▶ Panduit never set forth a theory even under its own constructions

# Post-Claim Construction, Panduit Asked For Adverse Inference

► ***Just two days*** after asking this Court for a default judgment, Panduit admitted to Corning that it could not prove that Corning infringed:

**Panduit at October 12 Hearing**

> case. And so that's why we believe that the relief we're asking for, which is -- effectively, enough is enough, in that Corning just has demonstrated a refusal to give us the discovery, and therefore, 37(b) provides a remedy to us which is deeming that Corning's infringement is admitted in this case.

**Panduit in October 14 Stipulation**

> 7. Under the September 27 Order, Panduit cannot prevail on the issue of infringement because Panduit cannot prove that Corning's processes, as understood by Panduit, infringe the claims of the Asserted Patents.

# Panduit's Cited Cases Are Inapposite



The patent owner, who "clearly appear[ed] motivated by a desire to protect its intellectual property," supported its infringement theory with enough evidence to survive several motions for summary judgment.

*Composite Res., Inc. v. Combat Med. Sys., LLC,* 2021 WL 1316068 (W.D.N.C. Apr. 7, 2021)



There was a "genuine issue concerning whether there was a possible basis for the infringement claims as asserted by Plaintiff" and because the court had not yet done a full claim construction analysis, "it [was] not clear" that the patent owner's infringement claims "were so unreasonable that no reasonable litigant could believe the action would succeed."

*Armacell LLC v. Aeroflex USA, Inc.,* 2015 WL 3891435 (M.D.N.C. June 24, 2015)



Though patent owner's post-*Markman* infringement theory was described by the court as "a stretch," crucially, the patent owner at least articulated some infringement theory.

*Intellectual Ventures I, LLC v. Lenovo Grp. Ltd.,* 16-cv-10860, Dkt. 557 at 3 (D. Mass. Nov. 19, 2021)

# Panduit's Actions—All Denied—Confirm It Had No Articulable Infringement Theory

► Add 4 new patents

► Rewrite the claims through the Markman process

► Request adverse inference based on discovery disputes

► Submit secret expert declaration after case closed