IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CV-229-FL

| | |
|---|---|
| PANDUIT CORP, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **ORDER ON MOTION** |
| v. ) | **FOR BILL OF COSTS** |
| ) | |
| CORNING INCORPORATED, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the clerk on the motion for bill of costs [DE-175] filed by defendant Corning Incorporated. For the reasons set forth below, the motion is GRANTED in part.

On November 10, 2021, the court issued an Order of Dismissal and Final Judgment [DE-159]. That same day, the clerk entered judgment in favor of defendant Corning Incorporated [DE-160]. On November 24, 2021, defendant filed a motion for bill of costs [DE-172], and at the direction of the clerk, later filed a corrected version on December 2, 2021 [DE-175]. Although plaintiff responded in opposition to a motion for attorney's fees filed by defendant, it did not respond to the motion for bill of costs.

Defendant seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1

"further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014).

Here, defendant seeks $6,624.30 in costs for fees for printed or electronically recorded transcripts necessarily obtained for use in the case, pursuant to § 1920(2). In support of its motion, defendant submits invoices showing that it has excluded non-allowable charges, such as exhibit fees, shipping and handling, and rough ASCII preparation from its request for costs. See, e.g., Mot. for Bill of Costs, Ex. 2 [DE-175-2]. Defendant's request still includes, however, charges for multiple versions of deposition transcripts. See id. at 2, 4, 5, 7, and 9 (showing multiples charges for each deposition transcript, including an additional hard copy and XMEF file). Local Civil Rule 54.1(c)(1)(a) specifies that allowable costs only include the charge for the original transcript of the deposition. See also Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."). Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); Parrish v. Johnston Comty. Coll. No. 5:09-CV-22-H, slip. op. at 2-3 (E.D.N.C. Feb. 13, 2012) (observing that "Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition"). Accordingly, costs in the amount of $682.40[1] are disallowed from the amount requested by defendant. The remaining amount, $5,941.90, is allowed.

---

[1] The disallowed costs include (1) $43.50 for the hard copy transcript and $95.00 for the XMEF file of the deposition of Steven Garner, corporate designee; (2) $18.30 for the hard copy transcript and $95.00 for the XMEF file of the deposition of Steven Garner; (3) $67.00 for the hard copy transcript and $95.00 for the XMEF file of the deposition of Daniel Harpham; (4) $33.80 for the hard copy transcript and $95.00 for the XMEF file of the

For the foregoing reasons, the motion for bill of costs [DE-175] is GRANTED in part. Total costs in the amount of $5,941.90 are taxed against plaintiff Panduit Corp. and shall be included in the judgment.

SO ORDERED. This the 28 day of September, 2022.

Peter A. Moore, Jr.
Clerk of Court

---

deposition of Dr. Nicol Heron; and (5) $44.80 for the hard copy transcript and $95.00 for the XMEF file of the transcript of Scott M. Bickham, Ph.D.

3

Case 5:18-cv-00229-FL   Document 215   Filed 09/28/22   Page 3 of 3